IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JOE HENRY NELSON,<br><br>　　　　　　Plaintiff<br><br>　　VS.<br><br>CATHY BOWERS,<br><br>　　　　　　Defendant | <br><br><br>NO. 3:04-CV-80 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. § 1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION OF DISMISSAL[1]

Plaintiff JOE HENRY NELSON is an inmate in the custody of the State of Georgia. He has sued defendant CATHY BOWERS alleging that she violated his constitutional rights while he was detained at the Morgan County Jail in Madison, Georgia. The plaintiff avers that defendant Bowers denied him medical treatment for his left pinky toe after he hit it on a rusty nail walking into an isolation cell.

Under 42 U.S.C. §1997e(a), a prison inmate is required to exhaust all available administrative remedies before filing suit under §1983. The 11th Circuit has held that in order to satisfy the exhaustion requirement of §1997e(a), an inmate incarcerated by the state prison system must first comply with the grievance procedure established by the state before filing a federal suit. *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999). This includes seeking leave to file an out-of-time grievance if a grievance is denied as untimely. *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999). This requirement prevents inmates from doing an end-run around §1997e(a) and gaining access to federal courts by merely filing an untimely grievance. *Id*. In deciding if an inmate has exhausted all available remedies, the court will not examine the effectiveness of the remedy but focus solely on whether the administrative remedies available were exhausted. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

---

[1] In this proceeding, the defendants seek summary judgment. Tab #23. However, a grant of summary judgment is inappropriate when judgment is sought on the basis of a plaintiff's failure to exhaust administrative remedies. Accordingly, the court will treat defendant's motion as one seeking dismissal. Dismissal for failure to exhaust administrative remedies must always be *without prejudice*.

In considering whether plaintiff NELSON has exhausted his administrative remedies, the undersigned has reviewed the plaintiff's assertions and finds that he has failed to exhaust such remedies: plaintiff did not file any grievance against defendant Bowers concerning the incident in question in this lawsuit. Because plaintiff did not grieve defendant Bowers' allegedly unconstitutional conduct prior to filing suit, he cannot be said to have exhausted his administrative remedies.

Accordingly, IT IS RECOMMENDED that the plaintiff's claims be **DISMISSED,** *without prejudice*.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 2nd day of JUNE, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE